**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**LEIGH HELMICH,**

                              **Plaintiff,**

v.                                                 **19-CV-333-JLS(Sr)**

**GREENPAC MILL/GREENPAC HOLDING, LLC,**
**VALMET, INC., CASCADES INC./CASCADES**
**CANADA, LLC, and NORAMPAC INDUSTRIES, INC.,**

                              **Defendants.**
_____

## REPORT, RECOMMENDATION, AND ORDER

Plaintiff Leigh Helmich ("Plaintiff") alleges that defendants Greenpac Mill/Greenpac Holding, LLC ("Greenpac"), Valmet, Inc. ("Valmet"), Cascades Inc./Cascades Canada LLC ("Cascades"), and Norampac Industries, Inc. ("Norampac") subjected him to a drug test, disclosed the results of his test, and rejected his efforts to return to work at Greenpac Mill in violation of the Americans with Disabilities Act of 1990.  Dkt No. 1-3.  This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. No. 9.  The case was thereafter reassigned to the Hon. John L. Sinatra, Jr.  Dkt. No. 20.  Currently before the Court are:  (1) Defendant Greenpac Mill/Greenpac Holding, LLC, and Norampac Industries, Inc.'s Motion to Dismiss (Dkt. No. 4); (2) Defendant Valmet's Motion to Dismiss for Failure to State a Claim (Dkt. No. 7); and (3) Plaintiff's Motion for Leave to File a Second Amended Complaint.  Dkt. No. 14.  For the following reasons, it is recommended that Defendants'

1

Motions (Dkt. Nos. 4 & 7) be GRANTED, and that Plaintiff's Motion (Dkt. No. 14) be DENIED.

## DISCUSSION AND ANALYSIS

**Dismissal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Deciding whether to grant a motion to dismiss under Rule 12(b)(6) is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* 556 U.S. at 679.

If it appears from the face of a complaint that a plaintiff has not brought his or her cause of action within the applicable statute of limitations period, a defendant may raise the limitations defense in a "pre-answer motion pursuant to Fed.R.Civ.P. 12(b)(6)." *Santos v. Dist. Council of NYC*, 619 F.2d 963, 967 n.4 (2d Cir. 1980); *Ghartley v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *Banks v. State Univ. of New York*, No. 06-CV-239S, 2007 WL 895505, at *4 (W.D.N.Y. Mar. 22, 2007). In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard

*F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

**Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "If the proposed amendment alleges facts or circumstances which may be a proper subject of relief, the [movant], in the absence of sufficient reasons for denying him this opportunity, should have a chance to test his claim on the merits." *Male v. Tops Friendly Markets*, No. 07-CV-6573, 2008 WL 1836948, at *3 (W.D.N.Y. Apr. 22, 2008) (quoting *Middle Atlantic Util. Co. v. S.M.W. Dev. Corp.,* 392 F.2d 380, 384 (2d Cir. 1968)). Rule 15(a) encourages courts to determine litigation on the merits, rather than on procedural technicalities. *See Sanders v. Thrall Car Mfg. Co.,* 582 F. Supp. 945, 952 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984). However, where there is undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or if amending the pleading would be futile, leave to amend must be denied. *See Monahan v. NYC Dept. of Corrections,* 214 F.3d 275, 283 (2d Cir. 2000); *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981).

**Timeliness of Plaintiff's Complaint**

Defendant Valmet moves to dismiss Plaintiff's Complaint on the grounds it was not timely filed within 90 days of receipt of Plaintiff's Right-to-Sue notice from the

3

Equal Opportunity Employment Commission ("EEOC") as required by statute.[1] Individuals seeking relief under Title VII may only bring an action for employment discrimination after filing a timely charge with the EEOC and receiving a Right-to-Sue letter from that agency.  *See* 42 U.S.C. § 2000e–5(e).  A plaintiff has 90 days following issuance of a Right-to-Sue letter within which to commence the action.  *See* 42 U.S.C. § 2000e–5(f)(1).  ADA claims are subject to the same exhaustion and timing requirements as Title VII claims.  *Gilmore v. Univ. of Rochester Strong Mem'l Hosp. Div.*, 384 F. Supp. 2d 602, 609 (W.D.N.Y. 2005) (citing *Curto v. Edmundson,* 392 F.3d 502, 503 (2d Cir. 2004) (per curiam), *cert. denied,* 545 U.S. 1133 (2005)).

The Second Circuit Court of Appeals construes Title VII's time limits as "analogous to a statute of limitations."  *Fletcher v. Runyon,* 980 F. Supp. 720, 721 (S.D.N.Y. 1997) (quoting *Briones v. Runyon,* 101 F.3d 287, 290 (2d Cir.1996)).  For this reason, courts strictly enforce the 90-day requirement, *see, e.g.*, *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) (finding that plaintiff's ADA claim was time-barred because she filed her complaint ninety-three days after receiving her Right-to-Sue notice), and have held that the 90-day period cannot be extended "by even one day."  *See Johnson v. AL Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984) (quoting *Rice v. New England Coll.*, 676 F.2d 9, 11 (1st Cir. 1982)); *see also Peete v. Am. Std. Graphic*, 885 F.2d 331, 332 (6th Cir. 1989) (dismissing complaint that was filed 91 days after plaintiff received his Right-to-Sue

---

[1] Plaintiff's FMLA claims were dismissed by joint stipulation of the parties filed on June 14, 2019.  Dkt. No. 16.  As such, Plaintiff's ADA claim, which is subject to statutory timeliness requirements, is the only remaining claim.  By the same stipulation, the parties agreed to dismiss Defendant Laura Azzarella, the Human Resources Director at Greenpac Mill.  Dkt. No. 16.

letter); *Crawford–Mulley v. Corning, Inc.*, 77 F.Supp.2d 366, 367 (W.D.N.Y.1999) (dismissing a discrimination action filed 95 days after the EEOC issued a Right-To-Sue letter).  In this regard, "the failure to bring suit within the statutory filing period is a ground for dismissing a complaint in the absence of a recognized equitable consideration." *Hassan v. NYC Off Track Betting Corp.,* No. 05 Civ. 9677, 2007 WL 678422, at *3 (S.D.N.Y. Mar.6, 2007) (citing *Skeete v. IVF Am., Inc.,* 972 F. Supp. 206, 209 (S.D.N.Y.1997)).

"Normally it is assumed that a mailed document is received three days after its mailing," and "in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (citations omitted); *accord Johnson v. DCM Erectors, Inc.*, No. 15 Civ. 5415, 2017 WL 1435745, at *2 (S.D.N.Y. Apr. 21, 2017).  A plaintiff can rebut the three-day mailing presumption by providing "sworn testimony or other admissible evidence from which it could reasonably be inferred . . . either that the [right-to-sue] notice was mailed later than its typewritten date or that it took longer than three days to reach [the claimant] by mail."  *Sherlock*, 84 F.3d at 526 (citation omitted); *Johnson*, 2017 WL 1435745, at *2.  Such evidence includes, for example, "an affidavit by the claimant stating the actual date of receipt (or lack thereof)." *Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906, at *2 (2d Cir. 1998) (citations omitted); *see also Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 433 (S.D.N.Y. 2019) (finding that the plaintiff rebutted the three-day mailing presumption by submitting a sworn affidavit that the Right-to-Sue letter was not

delivered to her office until December 1, such that the filing of the complaint was within the 90 day statutory period).

Defendant Valmet first challenged Plaintiff's failure to exhaust his administrative remedies and the untimeliness of Plaintiff's claims in its motion to dismiss the First Amended Complaint. Dkt. No. 7. Plaintiff's First Amended Complaint, which he amended before the case was removed from New York Supreme Court to this Court, does not even allege that Plaintiff filed a complaint with the EEOC. Dkt. No. 1-4. Plaintiff opposed Defendant Valmet's Motion to Dismiss arguing in its Memorandum:

> In the instant case, Plaintiff's counsel received the Notice of Suit Rights, dated August 31, 2018, on September 6, 2018. As such, Plaintiff was required to file a lawsuit by December 4, 2018. Since Plaintiff filed a lawsuit with the Supreme Court of the State of New York on December 4, 2018, this matter was timely filed and met all requirements, in effect, preserving Plaintiff's right to file claims in federal court under the Americans with Disabilities Act of 1990.

Dkt. No. 12, p. 14. Plaintiff's Proposed Second Amended Complaint alleges: "The EEOC issued a Dismissal and Notice of Rights on August 31, 2018. This was received on September 6, 2018." Dkt. No. 14-1, p. 4.

As an initial matter, Plaintiff's unsworn statements are insufficient to rebut the presumption that he (or his counsel) received the letter three days after the date of the post mark, which as noted above was August 31, 2018. Plaintiff has not produced a copy of the Right-To-Sue letter or any admissible evidence, such as an affidavit relating to when he received the letter.[2] Dkt. No. 14-1. Counsel's unsworn statement in her

---

[2] Plaintiff's counsel did attach a copy of the Charge of Discrimination sent to the EEOC on July 12, 2017, thereby demonstrating that she has continuously represented the Plaintiff in this matter. Dkt. No. 12, p. 45.

6

memorandum and the unverified allegations in the Proposed Amended Complaint[3] are insufficient to rebut the presumption Plaintiff received the letter three days after the date of the post mark, August 31, 2018.  *Hughes v. Elmira College,*  584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008) (dismissing the *pro se* plaintiff's complaint as untimely despite her unsworn statements in her memorandum of law and self-styled motion that she sincerely believed that she received her Right-To-Sue letter on April 22, 2007, in which case her complaint would have been timely); *Nash v. Human Dev. Servs.*, No. 02 Civ.8551 DF, 2003 WL 22871911, at *5 (S.D.N.Y. Dec. 4, 2003) (holding that unsupported allegations, even "together with unsworn correspondence to the Court," are insufficient to create a genuine issue of material fact as to a claimant's date of receipt of a Right-to-Sue letter) (citing *Trebor Sportswear, Inc. v. The Limited Stores, Inc.,* 865 F.2d 506, 510 (2d Cir. 1989) (in order to survive motion for summary judgment on timeliness issue, plaintiff must provide sufficient, admissible evidence)).

Plaintiff's counsel is also incorrect that she filed the complaint on December 4, 2018.  The original Summons and Complaint as well as the Niagara County Supreme Court  "Document List" for this case, clearly state a filing date of December 5, 2018.  Dkt. Nos. 1-1, 1-2, 1-3.  As noted above, correspondence from a government agency is deemed mailed on the date of the correspondence and, unless there is evidence as to what date the letter was actually received, courts presume that it was "received three days after it was sent by mail or electronic transmission."

---

[3]The Proposed Amended Complaint is unverified in that Plaintiff's counsel does not certify that the allegations therein are true and correct, only that they are "not frivolous."  Dkt. No. 14-1, p. 26.

*Gatewood v. Johnson,* 2016 WL 6569060, at *2 (D. Md. Nov. 4, 2016).  "When a filing deadline would otherwise expire on a Saturday, Sunday, or legal holiday, the deadline is extended to the next day that is not a Saturday, Sunday, or legal holiday."  *Id*.; Fed.R.Civ.P. 6(a)(1)(C); *see also* N.Y. Gen. Constr. Law §§ 20, 24, 25-a.

Applying this rule to Plaintiff's case, his complaint is untimely.  The parties do not dispute that the Right-To-Sue letter from the EEOC was dated August 31, 2018.  There being no evidence showing on what date the letter was actually received, this Court must presume that Plaintiff received the letter three days later, on Monday, September 3, 2018.  However, because September 3, 2018, was Labor Day, a holiday, the receipt date was extended to the next business day, Tuesday, September 4, 2018.  Therefore, Plaintiff had 90 days from September 4, 2018, or until December 3, 2018, to file his complaint.  However, Plaintiff did not file his complaint until December 5, 2018, 92 days after receipt of the Right-To-Sue letter.  This compels dismissal of Plaintiff's Complaint against all of the Defendants.[4]

Plaintiff, who is represented by counsel, has offered no basis or evidence to justify equitable tolling of the 90-day limitations period.  *Hughes,* 584 F. Supp. 2d at 590 (citing *Wong v. Health First Inc.,* No. 04Civ.10061(DAB)(AJP), 2005 WL 1676705, at *5-*7 (S.D.N.Y. July 19, 2005) (stating that "[t]he requirements for equitable tolling have been described in various ways in different cases, but it invariably comes down to

---

[4] Defendants have raised numerous grounds to dismiss Plaintiff's complaint.  Dkt. Nos. 4, 7.  This Court finds that that Plaintiff's unexcused failure to file his complaint by the statutorily created deadline requires this Court dismiss Plaintiff's case as against all of the remaining defendants.  Accordingly, this Court need not address Defendants' alternative arguments.

8

whether plaintiff was diligent and whether the defendant somehow misled the plaintiff")). Under the circumstances here, it cannot be said that Plaintiff's counsel was diligent. Plaintiff's proposed amendments to the pleadings do not and cannot remedy the untimeliness of this action, and are therefore futile. Accordingly, it is recommended that Plaintiff's case be dismissed in its entirety.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that Defendants' Motions to Dismiss (Dkt. Nos. 4 & 7) be GRANTED.

It is further RECOMMENDED that the Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 14) be DENIED, and this case DISMISSED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b)(2) and Local Rule 72. **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's**

**Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72 of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 72 may result in the District Judge's refusal to consider the objection.**

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).  In accordance with the requirements set forth in Local Rule 72, "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new

legal/factual arguments or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."


**SO ORDERED.**


DATED:    Buffalo, New York
               May 21, 2021


<u>*s/ H. Kenneth Schroeder, Jr.*</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**