UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEIGH HELMICH,

    Plaintiff,

v.                                                   19-CV-333-JLS-HKS

GREENPAC MILL/GREENPAC
HOLDING, LLC, VALMET, INC.,
CASCADES INC./CASCADES
CANADA, LLC, and NORAMPAC
INDUSTRIES, INC.,

    Defendants.

---

## DECISION AND ORDER

Plaintiff Leigh Helmich brings this action against Defendants Greenpac Mill/Greenpac Holding, LLC ("Greenpac"), Valmet, Inc. ("Valmet"), Cascades Inc./Cascades Canada, LLC ("Cascades"), and Norampac Industries, Inc. ("Norampac"), raising claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). The action, which was initially filed in New York State Supreme Court, Niagara County, was removed to this Court by notice of removal filed March 13, 2019. Dkt. 1.

On March 27, 2019, Judge Vilardo[1] referred this case to United States Magistrate Judge Schroeder for all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9. Pursuant to the referral order, Judge Schroeder was

---

[1] On January 5, 2020, the Court reassigned this case to the undersigned. Dkt. 38.

to hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). *Id.*

Presently before the Court is Judge Schroeder's Report and Recommendation ("R&R," Dkt. 21) addressing (1) Greenpac and Cascade's Motion to Dismiss (Dkt. 4); (2) Valmet's Motion to Dismiss (Dkt. 7); and (3) Plaintiff's Motion for Leave to file a Second Amended Complaint (Dkt. 14). For the reasons discussed below, the Court accepts and adopts Judge Schroeder's recommendations, dismisses Plaintiff's complaint as untimely, and denies Plaintiff's Motion for Leave to file a Second Amended Complaint.

## BACKGROUND

The Court assumes the parties' familiarity with the details of this case, outlined in Judge Schroeder's R&R, and will provide only a brief summary of the relevant background.

Plaintiff alleges that Defendants violated the FMLA by refusing to accept medical records and correspondence from Plaintiff's doctor, among other allegations. Dkt. 1-4, at 7-8.[2] Plaintiff further alleges that he was targeted for a drug screen, subjected to a hostile work environment, and ultimately unlawfully terminated by Defendants, all in violation of the ADA. *Id.* at 4-9.

Following his termination from employment in April 2017, *id.* at 2, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 26, at 6. The EEOC dismissed the charges and issued

---

[2] All page citations are derived from the document headers generated in CM/ECF.

a Notice of Right to Sue dated August 31, 2018. *Id.* at 16. On December 5, 2018, Plaintiff filed this action in state court, alleging claims under the ADA and FMLA. *See generally* Dkt. 1-3. Plaintiff subsequently amended his state court complaint before Defendants removed the action to this Court. Dkt. 1-4. Plaintiff did not include a copy of the Notice in any of his initial pleadings.

Defendants moved to dismiss Plaintiff's Amended Complaint. On March 20, 2019, Defendants Greenpac, Cascades, and Laura Azzarella sought dismissal on the grounds that Plaintiff (1) failed to establish personal jurisdiction over Cascades and (2) failed to state plausible claims under federal employment law. *See generally* Dkt. 5. A declaration filed in support of Defendants' motion noted that Cascades was incorrectly named as Norampac, and that the entity identified as Norampac was never properly served. Dkt. 6.

Defendant Valmet filed a separate motion to dismiss on the same date. Dkt. 7. Valmet argued that Plaintiff's FMLA claim was barred by the applicable statute of limitations. *Id.* at 12-13. Valmet's motion also argued improper service by Plaintiff, failure to exhaust administrative remedies, and failure to state a claim under the ADA or FMLA. *See generally id.* Valmet's motion specifically noted that Plaintiff's Amended Complaint lacked "any indication that Mr. Helmich [had] exhausted his administrative remedies," such as a copy of the required Right-to-Sue letter from the EEOC. Dkt. 7-2, at 11.

Plaintiff opposed the motions for dismissal (Dkts. 12, 13), and moved for leave to file a Second Amended Complaint (Dkt. 14). Defendants, filing separately,

3

opposed the motion for leave (Dkts. 17, 18). On June 14, 2019, the parties stipulated to the dismissal of FMLA claims from the action. Dkt. 16, at 1. The parties also stipulated to the dismissal of claims against Ms. Azzarella in her individual capacity. *Id.*

On May 21, 2021, Judge Schroeder issued an R&R recommending dismissal of Plaintiff's remaining ADA claims as untimely. Dkt. 21. The R&R noted that a litigant must commence an action within 90 days of issuance of the Right-to-Sue letter. *Id.* at 4 (citing 42 U.S.C. § 2000e–5(e)). Courts strictly enforce this 90-day window. *Id.* (citing cases).

A three-day mailing presumption applies to notices issued by government agencies. *Id.* at 5 (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996)). A plaintiff can rebut the three-day presumption by providing sworn testimony, or other admissible evidence, that supports delayed receipt of notice. *See* Dkt. 21, at 5 (citing cases).

In this instance, there is no dispute that Plaintiff's Notice of Right to Sue was dated August 31, 2018. *See* Dkt. 14-1, at 4. Applying the three-day presumption, Plaintiff received the Notice on September 3, 2018, a national holiday. Dkt. 21, at 8. Therefore, Plaintiff had 90 days from the next day—September 4, 2018—to file suit. *Id.* By this calculation, Plaintiff was required to bring suit no later than December 3, 2018, or face dismissal of his complaint. *Id.* Instead, Plaintiff filed his complaint on December 5, 2018, beyond the 90-day limitations period. *Id.*

Based on Plaintiff's untimely filing, Judge Schroeder recommended dismissal of Plaintiff's claims as to all remaining Defendants. *Id.* at 8. Judge Schroeder also deemed Plaintiff's proposed amendments futile, and recommended dismissal of Plaintiff's case in its entirety. *Id.*

On June 4, 2021, Greenpac and Cascades filed limited objections to the R&R, objecting only insofar as the R&R did not address other arguments in support of dismissal. Dkt. 22. Plaintiff responded to these objections, Dkt. 27, and Greenpac and Cascades replied, Dkt. 28.

Plaintiff also filed objections to the R&R. Dkts. 24-26. In the objections, Plaintiff argues that his Complaint was timely filed, and that his motion for leave to file a Second Amended Complaint should be granted. *See generally* Dkt. 26. Plaintiff further argues that the Complaint, if dismissed, should be dismissed only as to Valmet. *Id.* at 10-11. Plaintiff filed an affidavit from paralegal Theresa Anne Garder in conjunction with the objections, which stated that the Notice of Right to Sue was received by the law firm on September 6, 2018. Dkt. 26, at 22. Defendants opposed these objections, Dkts. 29-30, and Plaintiff replied, Dkt. 31. Plaintiff's reply papers included a belated affidavit from Plaintiff, swearing that he had never received a copy of the Notice at his home. Dkt. 31, at 12.

Upon receipt of Plaintiff's belated affidavit, this Court issued a text order permitting Defendants to file surreplies, which they did. Dkts. 32, 33, 34. Defendants argue that this Court should disregard Plaintiff's late-submitted evidence. *Id.*

5

## DISCUSSION

A District Court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A District Court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the R&R, the objections and related submissions, and the relevant record in this case. Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendations to grant Defendants' motions to dismiss, dismiss Plaintiff's Amended Complaint as untimely,[3] and deny Plaintiff's Motion for Leave to file a Second Amended Complaint.

In rendering its decision, this Court notes that it is "plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." *Burroughs v. Cty. of Nassau*, No. 13-CV-6784, 2014 WL 2587580, at *13 (E.D.N.Y. June 9, 2014) (quoting *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F.Supp.2d 381, 387 (S.D.N.Y.2010)). Accordingly, this Court exercises its discretion in refusing to consider Plaintiff's belated submissions.

---

[3] The Court notes that only one of the Defendants—Valmet—challenged Plaintiff's untimeliness in its motion to dismiss. Dkt. 7. This Court is permitted to dismiss Plaintiff's claims against all remaining Defendants *sua sponte*. *See, e.g., Rodriguez v. Mount Vernon Hosp.*, 2011 WL 3874814, at * (S.D.N.Y. Sept. 2, 2011) (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir.2007)). Here, as in *Rodriguez*, Plaintiff had sufficient opportunity to present arguments against dismissal on timeliness grounds.

6

## CONCLUSION

For the reasons stated above and in the R&R, Defendants' motions to dismiss are GRANTED, and Plaintiff's Amended Complaint is DISMISSED as to all Defendants. Plaintiff's Motion for Leave to file a Second Amended Complaint is DENIED. The Clerk of Court shall close this case.

SO ORDERED.

Dated:  August 5, 2021
        Buffalo, New York

*John L. Sinatra, Jr.*

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE